IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Bulus Kurnil Brayint El, | ) | Civil Action No. 2:19-cv-3045-RMG |
| Plaintiff, | ) | |
| v. | ) | **ORDER AND OPINION** |
| Officer Fornandes and Sheriff Al Cannon, | ) | |
| Defendants. | ) | |

This matter is before the Court on the Report and Recommendation (R & R) of the Magistrate Judge, recommending dismissal of the Complaint with prejudice (Dkt. No. 13.). For the reasons set forth below, the Court adopts the Report and Recommendation and dismisses the Complaint with prejudice.

I. **Background**

Plaintiff is in jail at the Al Cannon Detention Center in North Charleston, South Carolina. (Dkt. No. 1 at 13.) Plaintiff was arrested for operating an uninsured motor vehicle without a driver's license, and issues related to child support. (*Id.* at 5.) Plaintiff claims to be a Moorish citizen and that his arrest for the reasons above constitute kidnapping. (*Id.* at 6; Dkt. No. 1-1 at 6.) Plaintiff demands damages and new "rules to be set" to prevent similar arrest from occurring in the future. (Dkt. No. 1 at 7.) On November 22, 2019, the Magistrate Judge issued an R&R recommending dismissal of the complaint with prejudice and designating the dismissal as a strike under 28 U.S.C. § 1915(g). (Dkt. No. 13.) On December 4, 2019, the Court received Plaintiff's timely objections, which fail to address the Magistrate Judge's analysis and instead present arguments based on the Universal Declaration of Human Rights adopted by the United Nations in 1948 and requests a jury trial. (Dkt. No. 15.)

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court must make a *de novo* determination of those portions of the R & R Petitioner specifically objects to. Fed. R. Civ. P. 72(b)(2). Where Petitioner fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). "Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the recommendation." *Wilson v. S.C. Dept. of Corr.*, No. 9:14-CV-4365-RMG, 2015 WL 1124701, at *1 (D.S.C. Mar. 12, 2015) *citing Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983). Plaintiff has filed objections, and the R & R is reviewed *de novo*.

## III. Discussion

The complaint is frivolous for the reasons the Magistrate Judge clearly sets forth in the R & R. In short, Plaintiff claims his detention constitutes a kidnapping, seemingly relying on a "Judicial Notice and Proclamation" that, as a member of the Moorish Nation, he is immune from taxation, criminal prosecution, and the jurisdiction of American courts. (Dkt. Nos. 1 at 5; 1-1 at 8, 9.) As the Magistrate Judge explained, these claims have repeatedly been identified as frivolous by federal courts, and Plaintiff's claims here are similarly frivolous. *See Gaskins v. South Carolina*, No. 2:15-CV-2589 DCN, 2015 WL 6464440, at *4 (D.S.C. Oct. 26, 2015) ("Courts have repeatedly rejected this baseless 'sovereign citizen' theory of jurisdiction.") (collecting cases). Further, the Magistrate Judge detailed why, even if the Complaint was not frivolous, dismissal

would still be appropriate as the Complaint contains no plausible claims for relief, specifically, as: failure to pay child support may become a criminal matter; the statutes cited do not create private causes of action; Plaintiff cannot rely on the Ninth Amendment to make out a constitutional violation, and; Plaintiff's claims suing Officer Fornandes and Sheriff Cannon in their official capacity cannot proceed as claims. Finally, Plaintiff's objections are frivolous and allege claims under a United Nations declaration and do not address the analysis and recommendations in Magistrate Judge's well-reasoned R & R.

As the Magistrate Judge correctly held, while dismissals should be without prejudice with leave to file an amended complaint when a plaintiff could potentially cure any defects, the Complaint here contains no "potentially meritorious but inartfully pleaded claim[s]" that "might be revived by competent pleading[.]" *United States v. McLean*, 566 F.3d 391, 397 (4th Cir. 2009). Rather, the complaint is frivolous and "substantively meritless." *Id.* Therefore, the case is dismissed with prejudice.

Finally, "[w]ith the Prisoner Litigation Reform Act ("PLRA"), Congress sought to reduce the number of frivolous lawsuits flooding the federal courts." *Blakely v. Wards*, 738 F.3d 607, 609 (4th Cir. 2013). "Congress did so in part by enacting 28 U.S.C. § 1915(g), a 'three-strikes' statute providing that if a prisoner has already had three cases dismissed as frivolous, malicious, or for failure to state a claim for which relief may be granted, the prisoner generally may not proceed *in forma pauperis* but rather must pay up-front all filing fees for his subsequent suits." *Id.* The Court finds this action is frivolous holds that this dismissal for prejudice counts as a strike under 28 U.S.C. § 1915(g).

IV. <u>Conclusion</u>

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge (Dkt. No. 13) as the Order of the Court and the Complaint is **DISMISSED**

-3-

**WITH PREJUDICE.** The Court **FINDS** that the complaint is a frivolous filing and therefore counts as a strike under 28 U.S.C. § 1915(g).

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Court Judge

December 10, 2019
Charleston, South Carolina